**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marilynn J. Ewing, | No. CV11-8194-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo Bank and Wells Fargo Financial Agency Co., | |
| Defendants. | |

Currently pending before the Court are Defendants' Motion to Dismiss (Doc. 4), Motion to Dismiss Amended Complaint (Doc. 14), and Motion for Summary Disposition (Doc. 15).  The Court now rules on the Motions.

**I.     BACKGROUND**

The following are the facts alleged in the Amended Complaint, which the Court presumes true for purposes of resolving the motion to dismiss.  On August 14, 2009, Plaintiff Marilynn Ewing applied for a home equity line of credit from Wells Fargo Bank, N.A. to consolidate credit card debt.  She was pre-approved for the home equity line of credit by Wells Fargo, N.A. on August 14, but was denied later the same day.

On August 21, 2009, Wells Fargo Bank, N.A. made a credit report inquiry on Plaintiff.  On that same day, Wells Fargo Bank, N.A. reported to Transunion a second denial of a loan request, but Plaintiff did not make a second loan request.  Plaintiff notified Wells Fargo, N.A. in writing of the impermissible credit report inquiry and of the erroneous report of a denial of credit.  Plaintiff filed a police report for identity theft

regarding the alleged application for credit on or around August 21, 2009.

Plaintiff filed a complaint in state court on August 15, 2011 alleging claims under the Fair Credit Reporting Act (the "FCRA").  (Doc. 1-1.)  Defendants removed to this Court on December 8, 2011.  (Doc. 1.)  Defendants filed a Motion to Dismiss Plaintiff's Complaint on December 15, 2011.  (Doc. 4.)

Plaintiff filed both a Response to the Motion to Dismiss (Doc. 11) and an Amended Complaint (Doc. 12) on January 26, 2012.  Plaintiff filed her Amended Complaint without leave of Court, even though the time for filing an amendment as of right pursuant to Federal Rule of Civil Procedure 15(a)(1) had elapsed.  Defendants nonetheless consented to Plaintiff's filing of the untimely Amended Complaint.  (Doc. 13, p.2.)

Because Defendants consented to Plaintiff filing an Amended Complaint, the Court will treat the Amended Complaint as the operative pleading in this case.  The Court therefore will deny the original Motion to Dismiss (Doc. 4) as moot because it does not respond to the operative pleading.[1]

After Plaintiff filed her Amended Complaint, Defendants filed the pending Motion to Dismiss Amended Complaint (Doc. 14) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  When Plaintiff did not respond to that Motion within the allotted time, Defendants filed a Motion for Summary Disposition (Doc. 15) on March 8, 2012.  Plaintiff filed an untimely response to the Motion to Dismiss on March 27, 2012.  (Doc. 16.)  Although Plaintiff did not file a timely Response, because she did actually file a Response, to which Defendants filed a Reply without objection, the Court will treat her Response as timely and will deny the Motion for Summary Disposition as moot.

---

[1] Once a party files an amended pleading, the original pleading no longer performs any function and thereafter is treated as "non-existent."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

## II.   LEGAL STANDARD

The Court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2).  Rule 8(a)(2) requires a "short and plaint statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level.  *Id*.  Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94-95 (3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Twombly*, 550 U.S. at 555).  A complaint that offers nothing more than naked assertions will not suffice.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face."  *Iqbal*, 556 U.S. at 678.  Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged.  *Id.*  Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant acted unlawfully.  *Id.*  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), a court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the court must accept all well-pleaded factual allegations as true.  *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  Nonetheless, courts do not have to accept as true a legal conclusion couched as a factual allegation.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III.    ANALYSIS AND CONCLUSION

Defendants argue that Plaintiff has not stated a claim under the FCRA for false reporting or for improper credit inquiry.  The Court will deal with each claim in turn.

### A. False Reporting

Defendants assert that Plaintiff has failed to state a claim for false reporting because she did not allege that she submitted a 15 U.S.C. §1681s-2(b)(1) notice of dispute to the credit reporting agency.  Defendants further argue that Plaintiff's reporting of the problem directly to Defendants did not cure this defect.

Congress enacted the FCRA to ensure fair and accurate credit reporting, to promote efficiency in the banking system, and to protect consumer privacy.  *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009).  To ensure accurate credit reporting, the FCRA imposes some duties on the sources that provide information to credit reporting agencies or "furnishers," as they are called in the statute.  *Id*.  Section 1681s-2 prescribes two categories of responsibility for furnishers of information to credit reporting agencies.  *Id*. at 1564.

Subsection (a) outlines furnishers' duty to provide accurate information to credit reporting agencies.  *Id*; 15 U.S.C. §1681s-2(a).  Subsection (b) imposes certain

obligations, including duties to investigate, that are triggered when a furnisher receives notice from a credit reporting agency that the consumer disputes the information provided by the furnisher. *Id.*; 15 U.S.C. §1681s-2(b). Subsection (b) duties arise only after the furnisher receives notice of a dispute from a credit reporting agency; notice of a dispute sent to the furnisher directly from the consumer does not trigger the duties. *Gorman*, 584 F.3d at 1154.

The FCRA expressly creates a private right of action for willful or negligent noncompliance. *Id.* (citing 15 U.S.C. §§1681n & o). But section 1681s-2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a credit reporting agency. 15 U.S.C. §1681s-2(c). Duties imposed on furnishers under subsection (a) are enforceable only by government agencies. *Gorman*, 584 F.3d at 1154.

Plaintiff alleges that Defendant Wells Fargo, N.A., who is a furnisher under the FCRA, inaccurately reported to Transunion, a credit reporting agency, that Wells Fargo had denied a second loan request from Plaintiff. Plaintiff alleges she never filled out a second loan application. Plaintiff further alleges that she notified Wells Fargo, N.A. of the erroneous report of a denial of credit. But Plaintiff does not allege that she submitted a notice of dispute to Transunion.

Consumers have a private right of action under the FCRA against a furnisher for false reporting only for violations of 15 U.S.C. §1681s-2(b). And a furnisher's subsection (b) duties are triggered only if a consumer sends a §1681i notice of dispute to the credit reporting agency. Because Plaintiff has not alleged that she sent such a notice to Transunion, her claim for false reporting against Defendants necessarily fails. The Court therefore will grant Defendants' Motion to Dismiss Amended Complaint with respect to the false reporting claim.

### B.   Improper Credit Report Inquiry

Defendants argue that Plaintiff has failed to state a claim for an improper credit inquiry because she has not alleged plausible factual allegations that Wells Fargo

obtained a credit report with no permissible purpose. Defendants contend that the allegations in the Amended Complaint are consistent with at least three of the permissible purposes for a credit inquiry listed in 15 U.S.C. §1681b(a)(3).

The FCRA provides that a consumer reporting agency may furnish a consumer report under the following circumstances:

> (3) To a person to which it has reason to believe –
>> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
>
> . . . .
>> (F) otherwise has a legitimate business need for the information –
>>> (i) in connection with a business transaction that is initiated by the consumer; or
>>> (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

15 U.S.C. §1681b(a)(3)(A),(F)(i)(ii). A consumer whose credit report is obtained for reasons other than those allowed in the statute may recover actual and punitive damages and attorneys' fees and costs from the user of such information. *Mone v. Dranow*, 945 F.2d 306, 307-08 (9th Cir. 1991)(citing 15 U.S.C. §1681n).

Plaintiff alleges in the Amended Complaint that on August 21, 2009, after Wells Fargo had denied her a loan, Wells Fargo reported an additional credit report inquiry even though it "had no permissible purpose for obtaining a credit report." (Doc. 12 ¶9.) Viewing this allegation in the light most favorable to Plaintiff, Plaintiff alleges that because Wells Fargo had already denied her loan application and because she did not make a second loan application, Wells Fargo no longer had a permissible purpose for making a credit inquiry regarding the loan application.

But, as Defendants point out, there could be many other permissible reasons for Wells Fargo to make a credit inquiry regarding Plaintiff. Moreover, the allegation that Plaintiff filed a police report for identity theft might indicate that someone used her identity to apply for another loan or some other credit transaction with Wells Fargo, in which case Wells Fargo might have had a legitimate reason for pulling Plaintiff's credit

report.

The Court does not have to presume Plaintiff's legal conclusion that Wells Fargo "had no permissible purpose for obtaining a credit report" is true.  And Plaintiff must do more than simply make this bald allegation to survive a motion to dismiss.  Plaintiff must make plausible factual allegations, not legal conclusions, demonstrating that Wells Fargo did not have a permissible purpose for making the credit inquiry on August 21.  Because she had not done so, the Court will grant Defendants' Motion to Dismiss Amended Complaint with regard to Plaintiff's impermissible credit inquiry claim as well.

Plaintiff did not seek leave to amend her Amended Complaint.  But the Ninth Circuit Court of Appeals has instructed district courts to grant leave to amend, *sua sponte*, when dismissing a case for failure to state a claim, unless the court determines that the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)(quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Because the Court cannot say that Plaintiff could not cure the deficiencies of the Amended Complaint with the allegation of additional facts, the Court will give Plaintiff leave to file a Second Amended Complaint.

But the Court cautions Plaintiff that this will be her last bite at the apple.  The Court can deny leave to amend when a party repeatedly fails to cure the deficiencies of her pleading.  In the Second Amended Complaint, Plaintiff must plead plausible facts demonstrating Defendants' liability and must also identify which statutory sections she claims Defendants violated.  Further, she must plead with particularity what damages she suffered as a result of Defendants' actions.  It is not sufficient to simply allege that she was damaged.

Accordingly,

**IT IS ORDERED** GRANTING Defendants' Motion to Dismiss Amended Complaint (Doc. 14) with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff must file her Second Amended Complaint within ten (10) days of the date of this Order.  If Plaintiff fails to file a Second

Amended Complaint within ten days, the Clerk shall dismiss this case without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a Court order.

**IT IS FURTHER ORDERED** DENYING as moot Defendants' Motion to Dismiss (Doc. 4) and Motion for Summary Disposition (Doc. 15).

Dated this 21st day of May, 2012.

James A. Teilborg
United States District Judge

- 8 -