**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marilynn J. Ewing, | No. CV 11-8194-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo Bank and Wells Fargo Financial Agency Co., | |
| Defendants. | |

Currently pending before the Court is Defendants' Motion to Dismiss Second Amended Complaint (Doc. 24).  The Court now rules on the Motion.

**I.      BACKGROUND**

The Court assumes the facts alleged in the Second Amended Complaint (the "SAC") are true for purposes of deciding the pending Motion to Dismiss.  On August 14, 2009, Plaintiff Marilynn Ewing applied for a home equity line of credit from Wells Fargo Bank, N.A. ("Wells Fargo") to consolidate credit card debt.  She was pre-approved for the home equity line of credit by Wells Fargo on August 14, but was denied later the same day.

On August 21, 2009, Wells Fargo made a credit report inquiry on Plaintiff.  On that same day, Wells Fargo reported to Transunion a second denial of a loan request, but Plaintiff did not make a second loan request.  Wells Fargo allegedly made over 40 credit report inquiries on Plaintiff in less than a year.

Plaintiff notified Wells Fargo in writing of the impermissible credit report inquiry

and of the erroneous report of a denial of credit.  Plaintiff also notified Transunion that Wells Fargo's credit report to Transunion was in error and that she had never made a second loan application.  Plaintiff filed a police report for identity theft regarding the alleged application for credit on or around August 21, 2009.

Plaintiff filed a complaint in state court on August 15, 2011, alleging claims under the Fair Credit Reporting Act (the "FCRA").  (Doc. 1-1.)  Defendants removed to this Court on December 8, 2011.  (Doc. 1.)  Defendants filed a Motion to Dismiss Plaintiff's Complaint on December 15, 2011.  (Doc. 4.)

Plaintiff filed both a Response to the Motion to Dismiss (Doc. 11) and an Amended Complaint (Doc. 12) on January 26, 2012.  Plaintiff filed her Amended Complaint without leave of Court, but because Defendants consented, the Court treated the Amended Complaint as the operative pleading in this case.  The Court therefore denied the original Motion to Dismiss (Doc. 4) as moot because it did not respond to the operative pleading.

Defendants filed a Motion to Dismiss Amended Complaint (Doc. 14) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  When Plaintiff did not respond to that Motion within the allotted time, Defendants filed a Motion for Summary Disposition (Doc. 15) on March 8, 2012.  Plaintiff filed an untimely Response to the Motion to Dismiss on March 27, 2012.  (Doc. 16.)  Because Defendants filed a Reply to the Response without objection, the Court treated Plaintiff's Response as timely and denied the Motion for Summary Disposition as moot.

The Court granted Defendants' Motion to Dismiss Amended Complaint on May 21, 2012.  (Doc. 18.)  The Court found that Plaintiff failed to sufficiently allege a claim for false reporting or for an improper credit inquiry under the FCRA.  But the Court *sua sponte* gave Plaintiff leave to file a Second Amended Complaint.  The Court cautioned Plaintiff that she would not get another bite at the apple.  The Court need not allow a party to amend its pleading if the party repeatedly has failed to cure the deficiencies in the pleading.  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809-810 (9th Cir. 1988).

Plaintiff filed the SAC on July 2, 2012.  (Doc. 23.)  Plaintiff added allegations to her previous FCRA claims for false reporting and improper credit inquiry.  Defendants filed the pending Motion to Dismiss Second Amended Complaint on July 19, 2012, arguing that the additional allegations do not cure the deficiencies of Plaintiff's claims. (Doc. 24.)

Plaintiff filed her Response to the Motion to Dismiss Second Amended Complaint on July 31, 2012.  (Doc. 25.)  Along with the Response, Plaintiff filed an Affidavit containing additional facts.  (Doc. 26.)  The Court will not consider Plaintiff's Affidavit because the Court does not review matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006) (Review of a 12(b)(6) motion is limited to the complaint).

## II.   LEGAL STANDARD

The Court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2).  Rule 8(a)(2) requires a "short and plaint statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal citations omitted).  The factual allegations of the complaint must be sufficient to raise a right to relief above a

speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94-95 (3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), a court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, courts do not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III.    ANALYSIS AND CONCLUSION

Defendants argue that even with the SAC's additional allegations, Plaintiff still has not stated a claim under the FCRA for false reporting or for improper credit inquiry. The Court agrees.

**A. False Reporting**

Congress enacted the FCRA to ensure fair and accurate credit reporting, to promote efficiency in the banking system, and to protect consumer privacy. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). To ensure accurate credit reporting, the FCRA imposes some duties on the sources that provide information to credit reporting agencies or "furnishers," as they are called in the statute. *Id*. Section 1681s-2 prescribes two categories of responsibility for furnishers of information to credit reporting agencies. *Id*. at 1564.

Subsection (a) outlines the furnishers' duty to provide accurate information to credit reporting agencies. *Id*; 15 U.S.C. §1681s-2(a). Subsection (b) imposes certain obligations, including duties to investigate, that are triggered when a furnisher receives notice from a credit reporting agency that the consumer disputes the information provided by the furnisher. *Id*.; 15 U.S.C. §1681s-2(b). Subsection (b) duties arise only after the furnisher receives notice of a dispute from a credit reporting agency; notice of a dispute sent to the furnisher directly from the consumer does not trigger the duties. *Gorman*, 584 F.3d at 1154.

The FCRA expressly creates a private right of action for willful or negligent noncompliance. *Id*. (citing 15 U.S.C. §§1681n & o). But section 1681s-2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a credit reporting agency. 15 U.S.C. §1681s-2(c). Duties imposed on furnishers under subsection (a) are enforceable only by government agencies. *Gorman*, 584 F.3d at 1154.

Plaintiff alleges that Defendant Wells Fargo, who is a furnisher under the FCRA, inaccurately reported to Transunion, a credit reporting agency, that Wells Fargo had denied a second loan request from Plaintiff. Plaintiff alleges she never filled out a second loan application. Plaintiff further alleges that she notified Wells Fargo of the erroneous report of a denial of credit. In the SAC, Plaintiff alleges that she also notified Transunion that Wells Fargo wrongfully reported the second loan denial. But Plaintiff again fails to

allege that Transunion notified Wells Fargo of her dispute or that Wells Fargo failed to properly investigate the dispute after receiving notice from Transunion.

Consumers have a private right of action under the FCRA against a furnisher for false reporting only for violations of 15 U.S.C. §1681s-2(b).   And a furnisher's subsection (b) duties are triggered only when the furnisher receives notice of a consumer dispute *from a credit reporting agency*.   *Gorman*, 584 F.3d at 1564; 15 U.S.C. §1681s-2(b) (emphasis added).   Because Plaintiff has not alleged that Transunion sent notice of her consumer dispute to Wells Fargo, thereby triggering Wells Fargo's duty to investigate, her claim for false reporting against Defendants necessarily fails.   The Court therefore will grant Defendants' Motion to Dismiss Second Amended Complaint with respect to the false reporting claim.

### B.   Improper Credit Report Inquiry

Defendants argue that Plaintiff again has failed to state a claim for an improper credit inquiry because she has not alleged plausible factual allegations that Wells Fargo obtained a credit report with no permissible purpose.   Defendants contend that the allegations in the SAC are consistent with Wells Fargo having permissible purposes for a credit inquiry.

The FCRA provides that a consumer reporting agency may furnish a consumer report under the following circumstances:

> (3) To a person to which it has reason to believe –
>      (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
> . . . .
>      (F) otherwise has a legitimate business need for the information –
>           (i) in connection with a business transaction that is initiated by the consumer; or
>           (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

15 U.S.C. §1681b(a)(3)(A),(F)(i)(ii).   A consumer whose credit report is obtained for reasons other than those allowed in the statute may recover actual and punitive damages and attorneys' fees and costs from the user of such information.   *Mone v. Dranow*, 945 F.2d 306, 307-08 (9th Cir. 1991) (citing 15 U.S.C. §1681n).

Plaintiff alleges that, on August 21, 2009, after Wells Fargo had denied her a loan, Wells Fargo reported an additional credit report inquiry even though it "had no permissible purpose for obtaining a credit report."   (SAC, Doc. 23, ¶9.)   In the SAC, Plaintiff further alleges that Wells Fargo made "over 40 credit report inquiries in a span of less than a year's time."   (Doc. 23 ¶15.)   Viewing these allegations in the light most favorable to Plaintiff, Plaintiff alleges that because Wells Fargo had already denied her loan application and because she did not make a second loan application, Wells Fargo no longer had a permissible purpose for making a credit inquiry regarding the loan application.

But, as the Court pointed out in its May 21 Order granting the Motion to Dismiss, there could have been many other permissible reasons for Wells Fargo to have made credit inquiries regarding Plaintiff.   For instance, Wells Fargo could have made credit inquiries on Plaintiff in order to review an account she had with Defendants.

The Court does not have to presume Plaintiff's legal conclusion that Wells Fargo "had no permissible purpose for obtaining a credit report" is true.   And the Court explained to Plaintiff in its May 21 Order that she must do more than simply make that bald allegation to survive a motion to dismiss.   The Court instructed Plaintiff to make plausible factual allegations, not legal conclusions, in her SAC demonstrating that Wells Fargo did not have a permissible purpose for making the credit inquiries.

In the SAC, Plaintiff does not allege that she had no open accounts with Defendants or that Defendants did not have any of the other permissible purposes listed in 15 U.S.C. §1681b(a)(3) for requesting her credit report.   She did add an allegation in the SAC that Defendants made over 40 credit inquiries on her in less than a year.   But if Defendants had permissible purposes for making the credit inquiries, it does not matter

how many credit inquiries they made.  The FCRA does not place a limit on the number of credit reports a reporting agency can furnish on a consumer, the Act just limits the purposes for which the reporting agencies can furnish credit reports.

Because, despite the Court's instruction in its prior Order, Plaintiff still has not done more than make a bald allegation that Defendants had no permissible purpose for making their multiple credit inquiries, she has again failed to state a claim that Defendants made improper credit inquiries.  The Court therefore will grant Defendants' Motion to Dismiss Second Amended Complaint with regard to Plaintiff's impermissible credit inquiry claim as well.

In its May 21 Order dismissing the Amended Complaint, the Court *sua sponte* gave Plaintiff leave to amend.  In allowing Plaintiff leave to amend, the Court cited Ninth Circuit Court of Appeals case law instructing district courts to grant leave to amend, *sua sponte*, when dismissing a case for failure to state a claim, unless the court determines that the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)(quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  The Court may have granted leave to amend unnecessarily because a recent decision by the Ninth Circuit possibly calls into question prior precedent requiring district courts to grant *sua sponte* leave to amend when granting a motion to dismiss.  *Lacey v. Maricopa County*, __F.3d __, 2012 WL 3711591 *19 (9th Cir. August 29, 2012) (citing prior precedent that courts must grant leave to amend *sua sponte* unless a pleading could not possibly be cured by the allegation of other facts and that, under the old version of Federal Rule of Civil Procedure 15, parties had leave to amend as of right even upon dismissal prior to the filing of an answer, then noting that under the current version of Rule 15 "parties have 21 days from both responsive pleadings and motions to dismiss to amend as of right, so the situation has changed.") (internal citations omitted).

Regardless, the Court cautioned Plaintiff that the SAC would be her last bite at the apple.  The Court can deny leave to amend when a party repeatedly fails to cure the deficiencies of her pleading.  *McGlinchy*, 845 F.2d at 809-810.  Plaintiff has not sought

leave to amend the SAC and the Court will not grant her leave to amend because she repeatedly has failed to cure the deficiencies in her pleading.

Accordingly,

**IT IS ORDERED** GRANTING Defendants' Motion to Dismiss Second Amended Complaint (Doc. 24) with prejudice.  This case is dismissed in its entirety.

Dated this 2nd day of October, 2012.

James A. Teilborg
United States District Judge